MARVIN, Judge.
We granted a writ to review the correctness of the trial court’s overruling one partner’s exceptions of no cause and no right of action to the other partner’s petition to liquidate and dissolve their 50-50 partnership that was created about six months before the action was brought. The partnership agreement deems both litigants as “managing partners.”
The excepting partner, Talley, contends that [formal] “termination” of the partnership is a prerequisite to an action to liquidate and dissolve a partnership and that Sharplin’s petition must fall because he fails to allege termination. CC Art. 2826.
Having reviewed the scant record and finding no error at this juncture, we affirm the trial court’s rulings and remand.
*821 The Revision Comments, Art. 2826, explain that a partnership terminates “for the reasons listed in this article ...” Our emphasis.
The Revision Comments further state that “when one of the causes [reasons] for termination occurs, the business of the partnership continues, but only for the purposes of liquidation.” Our emphasis. See Art. 2828.
We hold that “termination of a partnership” in the sense of the revised codal articles on partnership (CC Arts. 2801-2848) is the occurrence of an event, “reason” or circumstance that causes or requires liquidation of the business or the affairs of the partnership. Only one of the “causes” in Art. 2826 that require liquidation speaks of the necessity of a “judgment,” that being a “judgment of termination.”
There is no requirement in Art. 2826 that a “judgment” declaring the occurrence of any of the other reasons or causes for termination, is a prerequisite to an action to compel liquidation of the affairs of a partnership.
The “reason” or event that “terminates” the authority of the partnership to conduct business [and thus requires the partnership entity to liquidate] may be factually alleged as the cause of action to compel liquidation and dissolution.
The terminating event may be a “judgment” declaring termination, which necessarily assumes proof of the factual grounds supporting the declaration, but facts of the occurrence of the terminating event may be alleged to state a cause of action to compel liquidation of the affairs of the partnership.
If factual circumstances occur that allow the conclusion that the attainment of the object of the partnership is “impossible,” that terminating occurrence compels the partnership to liquidate, unless the partnership is continued as provided by law. Arts. 2826-2831 and Revision Comments.
“Termination” is not a formal declaration, but is simply the occurrence of factual grounds which compel formal liquidation of the affairs of the partnership. CC Arts. 2828, 2830 and Revised Comments. Rules relating to partnership liquidation are governed by statutes pertaining to corporate liquidation unless the partnership agreement provides otherwise. See CC Art. 2834 and LRS 12:141 through 12:149. The agreement here in question does not provide otherwise.
Factual allegations in the petition and gleaned from the hearing on the exception of no right of action indicate an impasse or deadlock even in the management of the day-to-day affairs of the partnership. Talley apparently desires that Sharplin withdraw from the partnership, taking “security” for his interest, and leave Talley to operate the motel as a sole proprietorship. Only Sharplin desires liquidation. The partnership agreement requires unanimous consent of both partners for the day-to-day management and all other matters affecting the partnership. The litigants are apparently “deadlocked” in every respect and cannot agree on anything. LRS 12:141-149. A true “deadlock” constitutes “impossibility” of attainment of the object of the partnership. Art. 2826.
As a 50 percent partner, Sharplin is an “interested party” who may force the liquidation of the partnership’s affairs because of the alleged “impossibility” of attaining the partnership’s object (here to operate a motel). CC Art. 2834 and Revision Comment (c).
CONCLUSION
We find no error in the trial court’s overruling of Talley’s exceptions of no cause and no right of action. Issues relating to the merits of the action are not now before us.
DECREE
We affirm and remand for further proceedings. Costs, here and below, shall be assessed by the trial court in a final judgment.
AFFIRMED; REMANDED.